***E-FILED - 8/2/10***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMES WYDELL GRAHAM, | ) | No. C 10-2445 RMW (PR) |
| Plaintiff, | ) | ORDER OF DISMISSAL |
| v. | ) | |
| SANTA CLARA COUNTY BOARD OF SUPERVISORS, et al., | ) | |
| Defendants. | ) | |

     Plaintiff, proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed in forma pauperis in a separate written order. In his complaint, plaintiff concedes that he has not filed any administrative grievances. The court will DISMISS the instant complaint for failure to exhaust administrative remedies.

     A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. at § 1915A(b)(1),(2). Pro se pleadings, however, must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

Order of Dismissal
P:\PRO-SE\SJ.Rmw\CR.10\Graham445disexh.wpd

1   The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996)
2   ("PLRA") provides: "No action shall be brought with respect to prison conditions under [42
3   U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other
4   correctional facility until such administrative remedies as are available are exhausted." 42
5   U.S.C. § 1997e(a). Exhaustion is mandatory and not left to the discretion of the district court.
6   Woodford v. Ngo, 548 U.S. 81, 84 (2006). Exhaustion is a prerequisite to all prisoner lawsuits
7   concerning prison life, whether such actions involve general conditions or particular episodes,
8   whether they allege excessive force or some other wrong, and even if they seek relief not
9   available in grievance proceedings, such as money damages. Porter v. Nussle, 534 U.S. 516,
10  524 (2002). The exhaustion requirement requires "proper exhaustion" of all available
11  administrative remedies. Ngo, 548 U.S. at 93.

12   The State of California provides its prisoners and parolees the right to appeal
13  administratively "any departmental decision, action, condition or policy perceived by those
14  individuals as adversely affecting their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). In order
15  to exhaust available administrative remedies within this system, a prisoner must proceed through
16  several levels of appeal: (1) informal review, (2) first formal written appeal on a CDC 602
17  inmate appeal form, (3) second formal level appeal to the institution head or designee, and (4)
18  third formal level appeal to the Director of the California Department of Corrections and
19  Rehabilitation. Barry v Ratelle, 985 F. Supp 1235, 1237 (S.D. Cal. 1997) (citing Cal. Code
20  Regs. tit. 15, § 3084.5). A final decision from the Director's level of review satisfies the
21  exhaustion requirement under § 1997e(a). See id. at 1237-38.

22   Because exhaustion under § 1997e(a) is an affirmative defense, a complaint may be
23  dismissed for failure to exhaust only if failure to exhaust is obvious from the face of the
24  complaint and/or any attached exhibits. Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir.
25  2003). The court may dismiss a complaint for failure to exhaust where the prisoner "conce[des]
26  to nonexhaustion" and "no exception to exhaustion applies." Id. at 1120. Here, Plaintiff
27  concedes in his complaint that he has not appealed to the highest level of appeal available to him.
28  (Compl. at 2.) He states that the reason he did not present his claims through the grievance

1  procedure is because "tort claim was filed." (Id.) After reviewing the complaint, it appears that
2  plaintiff had filed a state lawsuit against one of the named defendants regarding the instant
3  allegations under state law claims.
4  However, plaintiff does not identify a single grievance to indicate that he has made a
5  good faith effort to seek and exhaust administrative remedies. Furthermore, none of his reasons
6  are exceptions to exhaustion to excuse him from the PLRA's requirement of "proper exhaustion"
7  under Ngo. "Proper exhaustion demands compliance with an agency's deadlines and other
8  critical procedural rules because no adjudicative system can function effectively without
9  imposing some orderly structure on the course of its proceedings." Ngo, 548 U.S. at 90-91
10 (footnote omitted). As it is clear from the complaint that plaintiff has not "properly exhausted"
11 his claims by pursuing all levels of administrative review available to him, and there is no
12 applicable exception to the exhaustion requirement, dismissal without prejudice is appropriate.
13 Accordingly, the above-titled action is hereby DISMISSED, without prejudice to
14 plaintiff's refiling his claim after all available administrative remedies have been exhausted.
15 IT IS SO ORDERED.
16 DATED: 7/30/10

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

Order of Dismissal
P:\PRO-SE\SJ.Rmw\CR.10\Graham445disexh.wpd     3